UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MERYL POMPONIO,<br><br>    Plaintiff,<br><br>    v.<br><br>BRAND MOTORS, LLC, and BAKU AS,<br><br>    Defendants. | Case No. 19-cv-04750-LB<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: ECF No. 12 |

## INTRODUCTION

This case concerns the accessibility of Brand Motors to disabled patrons. Plaintiff Meryl Pomponio — who has paraneoplastic syndrome — visited the establishment and alleges that she encountered barriers there, generally involving a lack of accessible parking and accessible routes.[1] She sued the defendants, Brand Motors and the property owner (Baku As), claiming violations of the Americans with Disabilities Act ("ADA"), the California Disabled Persons Act, and California's Unruh Civil Rights Act based on the alleged barriers.[2] The defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), essentially on the ground

---

[1] Compl. – ECF No. 1 at 4 (¶ 13), 7–8 (¶ 24). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 2 (¶ 2), 3 (¶¶ 8–9).

ORDER – No. 19-cv-04750-LB

that the plaintiff did not plead that the business is a "public accommodation" (and according to them, the facts show that it is not).[3] The court held a hearing on February 13, 2020. The court grants the motion.

**STATEMENT**

Ms. Pomponio suffers from paraneoplastic syndrome.[4] She cannot walk and uses a mobility device to complete her day-to-day activities.[5] Brand Motors "operate[s] as a business establishment" and has "substantial control over the interior and exterior of the building, the parking lot, and all spaces adjacent to such building" at 22250 Mission Boulevard, Hayward, California (the "Property").[6] Mr. As owns the Property.[7]

In April 2018, Ms. Pomponio "desired to go to and use the services, and/or buy products" from Brand Motors and was allegedly "denied the full and equal access to" the Property.[8] She "had difficulty parking because she could not find any accessible parking stalls in the lot. In addition, there was no way for Ms. Pomponio to reach the business entrance as there were only stairs and no ramps, making it impossible for her to access in her wheeled device."[9] She alleges that the defendants had the following barriers at the real property:

> a. The alleged unauthorized vehicle signage is not posted in a conspicuous place at the entrance to off-street parking or immediately adjacent to on-site accessible parking and visible from each parking space in violation of 2013 CBC 11B-502.8 and 2016 CBC 11B-502.8;
>
> b. There is no accessible route provided within the site from accessible parking spaces and accessible passenger loading zones, public streets and sidewalks, and public transportation stops to the accessible building or facility entrance they serve

---

[3] *See* Consents – ECF Nos. 10, 18, 26.
[4] Compl. – ECF No. 1 at 2 (¶ 1).
[5] *Id.*
[6] *Id.* at 3 (¶ 8).
[7] *Id.* (¶ 9).
[8] *Id.* at 2 (¶ 2), 4 (¶ 14).
[9] *Id.* at 4–5 (¶ 15).

in violation of 1991 ADAAG 4.3.2(1), 2010 ADAS 206.2.1, 2013 CBC 11B-206.2.1 and 2016 CBC 11B-206.2.1;

c. The accessible route connecting accessible buildings, accessible facilities, accessible elements, and accessible spaces on the same site is not provided in violation of 1991 ADAAG 4.1.2 (2), 2010 ADAS 206.2.2, 2013 CBC 11B- 206.2.2 and 2016 CBC 11B-206.2.2;

d. There are no accessible parking spaces and access aisles provided in violation of 1991 ADAAG 4.6.3, 2010 ADAS 208.1, 2013 CBC 11B-208.1 2016 CBC 11B-208.1;

e. The accessible parking space identification signage is not provided in violation of 1991 ADAAG 4.6.4, 2010 ADAS 502.6, 2013 CBC 11B-502.6 and 2016 CBC 11B-502.6;

f. The parking space identification signage "VAN ACCESSIBLE" designation is not provided in violation of 1991 ADAAG 4.6.1, 2010 ADAS 502.6, 2013 CBC 11B-502.6, 2016 CBC 11B-502.6;

g. The parking space identification "MINIMUM FINE $250" signage is not provided in violation of 2013 CBC 11B-502.6.2, 2016 CBC 11B-502.6.2;

h. The Tactile Exit signage is not provided in violation of 1991 ADAAG 4.1.3(16)(a), 2010 ADAS 216.4.1, 2013 CBC 11B-216.4.1 and 2016 CBC 11B-216.4.1.[10]

Ms. Pomponio alleges that "[d]espite [her] wish to patronize the businesses in the future, the abovementioned barriers constitute deterrents to access to the business, rendering the business' goods, services, facilities, privileges, advantages, and accommodations unavailable to physically disabled patrons such as herself."[11] She further alleges that:

[O]n information and belief, that Defendants knew that such barriers existed and that Defendants' failure to remove the barriers was intentional as the particular barriers mentioned above were intuitive and obvious. Additionally, Defendants exercised control and dominion over the condition of the real property and building and had the financial resources to remove such barriers. Furthermore, Ms. Pomponio alleges, on information and belief, that such modifications were readily achievable as removal of the above barriers could have been achieved without much difficulty or expense.[12]

---

[10] *Id.* at 7–8 (¶¶ 24(a)–(h)).

[11] *Id.* at 5 (¶ 16).

[12] *Id.* (¶ 17).

ORDER – No. 19-cv-04750-LB        3

Ms. Pomponio filed this lawsuit on August 13, 2019, claiming (1) a violation of the Title III of ADA, 42 U.S.C. § 12101, *et seq.*, based on the barriers, (2) a violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq*, based on the alleged ADA violations, and (3) a violation of the Disabled Persons Act, Cal. Civ. Code § 54, *et seq*, on the same grounds.[13]

The defendants moved to dismiss the complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6), generally because the property is not a "public accommodation" under the ADA.[14] All parties have consented to magistrate-judge jurisdiction.[15]

## STANDARD OF REVIEW

**1. Rule 12(b)(1)**

A complaint must contain a short and plain statement of the ground for the court's jurisdiction (unless the court already has jurisdiction and the claim needs no new jurisdictional support). Fed. R. Civ. P. 8(a)(1). The plaintiff has the burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.,* 907 F.2d 911, 912 (9th Cir. 1990). A defendant's Rule 12(b)(1) jurisdictional attack can be either facial or factual. *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet,* 750 F.3d 776, 780 n.3 (9th Cir. 2014). Under a facial attack, the court "accept[s] all allegations of fact in the complaint as true and construe[s] them in the light most favorable to the plaintiffs." *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003). In a factual attack, the court "need not presume the truthfulness of the plaintiff's allegations" and "may review evidence beyond the complaint without

---

[13] *Id.* at 5–9 (¶¶ 19–32).

[14] Mot. – ECF No. 12. Mr. As joined the motion to dismiss. Joinder – ECF No. 23.

[15] Consents – ECF Nos. 10, 18, 26.

ORDER – No. 19-cv-04750-LB 4

converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). The defendants make a facial attack, and they also make a factual attack because they rely on extrinsic evidence to show that the court lacks subject-matter jurisdiction.[16]

### 2. Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id* (quoting *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

---

[16] Mot. – ECF No. 26 at 5–11.

ORDER – No. 19-cv-04750-LB 5

### 3. Leave to Amend

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (citations and internal quotation marks omitted).

## ANALYSIS

The issue is whether the property is a public accommodation. The defendants say that it is not: they mount factual and facial challenges to the jurisdictional allegations under Rule 12(b)(1), and they contend that dismissal is appropriate under Rule 12(b)(6) because the plaintiff does not plausibly plead that the business is a public accommodation.[17] The court dismisses the complaint under Rule 12(b)(6) with leave to amend.

Title III of the ADA prohibits discrimination against disabled individuals in public accommodations. 42 U.S.C. §12182(a). Landlords and tenants are both liable for failing to provide accessible facilities at public accommodations. 28 C.F.R. § 36.201(b).

To recover on an ADA discrimination claim, a plaintiff must prove that (1) he or she is disabled within the meaning of the statute, (2) the defendants are private entities that own, lease (as landlord or tenant), or operate a place of public accommodation, and (3) the plaintiff was denied public accommodation by the defendants because of his or her disability. *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.,* 603 F.3d 666, 670 (9th Cir. 2010).

"Title III provides an extensive list of 'public accommodations' in [42 U.S.C.] § 12181(7)." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000); *see* 42 U.S.C. § 12181(7) (listing twelve categories of private establishments that are considered "public accommodations" if the establishment affects interstate commerce, such as "sales or rental establishment[s]"). The Ninth Circuit has explained that "public accommodations" for purposes of the statute are "actual, physical places where goods or services are open to the public, and places where the public gets those goods or services." *Id.*

---

[17] *Id.* at 5–7; Opp'n – ECF No. 20-1 at 3–5.

The complaint here asserts that Brand Motors is a public accommodation, but it alleges no facts to support that conclusion. 42 U.S.C. § 12182(a). In short, the allegations are only conclusions, and thus Ms. Pomponio does not plausibly plead a claim. The court appreciates that often, the "public accommodation" element is more obvious due to the nature of the business, and as a result, in the more ordinary case, plaintiffs satisfy Rule 8(a) more easily. That is not the case here. It is not obvious, for example, that a business such as Brand Motors (perhaps plausibly, as the plaintiff suggests, an automotive sales or repair shop) necessarily is a place of public accommodation at this location, especially given the defendants' jurisdictional challenge. Because Ms. Pomponio did not allege facts in her complaint that plausibly plead that the defendants operate a "public accommodation" within the meaning of the ADA, *see Weyer*, 198 F.3d at 1114, she does not plausibly plead a claim under the ADA.

The court grants the defendants' motion to dismiss. At this stage, the court declines to exercise supplemental jurisdiction over the remaining state-law claims. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citation omitted).

## CONCLUSION

The court grants the motion to dismiss with leave to amend. Ms. Pomponio may file an amended complaint by March 16, 2020. If she files an amended complaint, she must file as an attachment a blackline of her new amended complaint against her First Amended Complaint.

This disposes of ECF No. 12.

**IT IS SO ORDERED.**

Dated: February 26, 2020

_____

LAUREL BEELER
United States Magistrate Judge